UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KEITH SHORT and FAIR HOUSING JUSTICE CENTER, INC., | ) Case No. 11-cv-5989(SC) ) ) ORDER GRANTING PLAINTIFFS' ) MOTION FOR ATTORNEYS' FEES |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MANHATTAN APARTMENTS, INC. and ABBA REALTY ASSOCIATES, INC., | ) ) ) |
| Defendants. | ) ) ) ) ) |

## I.   **INTRODUCTION**

The Court held a bench trial in the above-captioned matter and ultimately held in favor of Plaintiffs Fair Housing Justice Center, Inc. ("FHJC") and Keith Short (collectively, "Plaintiffs") on their claim for source-of-income discrimination under the New York City Human Rights Law ("NYCHRL").  ECF No. 103 (Findings of Fact and Conclusions of Law ("FFCL")).[1]  The Court awarded Plaintiffs a total of $25,000 in damages against Defendants Manhattan Apartments, Inc. ("MA") and Abba Realty Associates, Inc. ("Abba"), as well as injunctive relief.  Id.  Plaintiffs now move for attorneys' fees and costs of more $500,000 pursuant to Section 8-502(f) of the New York City

---

[1] Short v. Manhattan Apartments, Inc., -- F. Supp. 2d --, 11-CV-5989 SC, 2012 WL 6827386 (S.D.N.Y. Dec. 3, 2012).

Administrative Code.  ECF No. 108 ("Mot.").  They also seek an order permitting them to supplement their application to include fees and costs incurred in preparing and defending this motion. Abba has opposed the motion, ECF No. 119 ("Opp'n"), but MA has not.[2]  The Court finds this matter suitable of determination without oral argument.  For the reasons set forth below, the Motion is GRANTED.

## II.  BACKGROUND

The Court assumes familiarity with the underlying facts, which are set forth in the Court's Findings of Fact and Conclusions of Law.  In short, Plaintiffs brought this civil rights action against New York City realtors MA and Abba in August 2011 for discrimination based on disability and source of income.  They alleged that Defendants discriminated against Mr. Short after they learned that he had HIV and intended to pay his rent with a subsidy from the New York City HIV/AIDS Services Administration ("HASA").  Plaintiffs asserted four causes of action under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(d), (f)(1)-(2), and one cause of action under the NYCHRL, N.Y. City Admin. Code § 8-107 et seq.  The NYCHRL prohibits discrimination based on disability and source of income, while the FHA prohibits discrimination based on disability but not source of income.

---

[2] Plaintiffs have filed a reply brief in support of the motion. ECF No. 121 ("Reply").

On June 11, 2012, about four months prior to trial, Abba made an offer of judgment pursuant to Federal Rule of Civil Procedure 68.  ECF No. 118 ("Itkowitz Decl.") Ex. 1 ("Rule 68 Offer").  The Rule 68 Offer stated:

> [Abba] offers to allow judgment to be taken against it in this matter in the sum of $50,000.  Of this amount, $7,500.00 is allocated to each Plaintiff, and $35,000.00 is allocated to Plaintiffs' attorney's fees.  In addition to the monetary terms above, Defendant Abba will agree to:
>
> 1.   Abide by the applicable laws, as amended;
>
> 2. Annual fair housing training for its agents for a period of two (2) years by third-party selected by Defendant Abba;
>
> 3. Adopt anti-discrimination policy signed by each agent;
>
> 4. Agree and continue not to segregate listings by source of income and/or program;
>
> 5. Continue to use fair housing logo on all advertisements, regardless of medium;
>
> 6. Disseminate statement explaining source of income law to all landlords; and
>
> 7. Continue to post and display fair housing posters at each office location.

Id. (emphasis in the original).  Plaintiffs rejected the offer and the case proceeded to trial.  Itkowitz Decl. ¶ 7.

In October 2012, a few days before trial, Judge Wood issued $23,100 in sanctions against MA in connection with its failure to produce discovery materials in violation of three court orders.  ECF No. 94 ("Sanctions Order").  Judge Wood considered the hourly rates requested by two of Plaintiffs' attorneys,

Armen Merjian and Diane Houk, and found those rates reasonable in light of the attorneys' qualifications and the Court's experience in this district.  Id. at 12-13.    Accordingly, the Court applied a rate of $525 per hour for Ms. Houk and $500 per hour for Mr. Merjian.  Id. at 13.

The Court held a bench trial from October 15 through October 18, 2012 and issued its Findings of Fact and Conclusions of Law on December 4, 2012.  The Court concluded that both MA and Abba had engaged in impermissible source-of-income discrimination under the NYCHRL.  FFCL at 39-48.  The Court also found that Plaintiffs had failed to show that Defendants engaged in disability discrimination in violation of the NYCHRL or the FHA.  Id. at 30-35.

The Court awarded Mr. Short $20,000 in compensatory damages ($10,000 from each defendant) and FHJC $5,000 in compensatory damages ($2,500 from each defendant).  Id. at 54.  The Court declined to award punitive damages.  Id. at 53.  The damages awarded were a fraction of those requested by Plaintiffs.  Mr. Short had sought a total of $50,000 in compensatory damages from MA and Abba ($25,000 from each defendant) and $300,000 in punitive damages ($200,000 from MA and $100,000 from Abba). FHJC had also sought $30,000 in punitive damages ($20,000 from MA and 10,000 from Abba).

The Court also entered an injunction that, among other things: (1) enjoined Defendants, their agents, and employees from discriminating against any person on the basis of lawful source of income; (2) required Defendants to adopt a written

4

non-discrimination policy; and (3) required Defendants to provide fair housing training to their employees through a third party acceptable to Plaintiffs.  Id. at 55-57.  The injunction was to remain in effect for three years.  Id. at 57.

After judgment was entered, Plaintiffs moved for attorney fees.  Soon thereafter, David C. Wims moved to withdraw as counsel for MA.  Mr. Wims's motion to withdraw was granted and the Court extended the deadline for filing oppositions to Plaintiffs' motion for attorney fees so that MA would have time to find new counsel.  ECF Nos. 112, 115.  There is no indication that MA has found new legal representation, and MA has yet to file an opposition to Plaintiffs' motion for attorney fees.


**III. <u>DISCUSSION</u>**

New York City Administrative Code section 8-502(f), which is part of the NYCHRL, provides:

> In any civil action commenced pursuant to this section, the court, in its discretion, may award the prevailing party costs and reasonable attorney's fees. For the purposes of this subdivision, the term 'prevailing' includes a plaintiff whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant, regardless of whether that change has been implemented voluntarily, as a result of a settlement or as a result of a judgment in such plaintiff's favor.

In this case, there is no dispute that Plaintiffs are the prevailing parties or that they are entitled to attorneys' fees and costs.  Accordingly, the Court turns to whether the fees and costs requested by Plaintiffs are reasonable and whether they are subject to adjustment.

**A.     Lodestar Calculation and Allocation of Liability**

The starting point for Court's analysis of Plaintiffs' attorney fee request is a determination of the lodestar, a figure obtained by multiplying a reasonable hourly rate of compensation by the reasonable hours spent on a case.  See Penn. v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 553 (1986).

There does not appear to be any dispute about the hourly rates requested.  Plaintiffs were represented by Ms. Houk and paralegals from the law firm of Emery, Celli, Brinkerhoff & Abady LLP ("ECBA"), and Mr. Merjian and Robert Bacigalupi of Housing Works, Inc. ("Housing Works").  Ms. Houk and Mr. Merjian request rates of $525 and $500 per hour, respectively.  After conducting a comprehensive analysis in the Sanctions Order, Judge Wood found these rates to be reasonable.  Having reviewed the declarations submitted in support of the Motion, the Court sees no reason to reach a different conclusion here.  Mr. Bacigalupi seeks the same hourly rate as Mr. Merjian, his co-counsel at Housing Works.  The Court finds that this rate is reasonable in light of Mr. Bacigalupi's significant experience in public assistance and housing law.  See ECF No. 110 ("Bacigalupi Decl.").  Plaintiffs also seek an hourly rate of $150 per hour for ECBA's paralegals.  The Court finds this rate reasonable.  See Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC, 05 CIV. 6757 LTS/MHD, 2009 WL 466136, at *6 (S.D.N.Y. Feb. 25, 2009) (approving hourly rate of $205 to $235 for paralegal work).

The Housing Works attorneys, Messrs. Merjian and Bacigalupi, also seek reimbursement for their travel time at one-half their hourly rate.  Mr. Merjian declares that he used travel time on the subway to prepare for court dates, discuss strategy with co-counsel, and review documents, among other things.  Merjian Decl. ¶ 27.  Judge Wood already approved this practice in the Sanctions Order and the Court approves them here.

The Court next considers whether the hours expended by Plaintiffs' counsel were reasonable.  Plaintiffs' attorneys have submitted detailed records of their hours.  ECF Nos. 109 ("Houk Decl.") Ex. B, 111 ("Merjian Decl.") Ex. D; Bacigalupi Decl Ex. B.  These records showed that Ms. Houk billed 385.5 hours; Mr. Merjian billed 447.25 hours of work and 12.25 hours of travel time; and Mr. Bacigalupi billed 61.5 hours of work and 4.5 hours of travel time, and ECBA's paralegals 210.9.[3]  Id.  Multiplying the rates described above by the hours billed would result in a total fee award of $492,585 -- $258,562.50 for the Housing Works attorneys and $234,022.50 for Ms. Houk and the ECBA paralegals.

Abba does not argue that the time billed by Plaintiffs' counsel was superfluous or excessive.  However, Abba does take issue with its allocation of the attorneys' fees and costs.  Specifically, Abba objects that Plaintiffs seek to hold Abba liable for fees and costs (1) solely attributable to MA or (2) not solely attributable to Abba.  Opp'n at 7-10.

---

[3] Mr. Merjian declares that he billed 447.25 hours of work, but his billing records indicate that he billed 448.25 hours.  The Court adopts the lower number for purposes of its calculations.

The first objection has merit and, in any event, Plaintiffs concede the point. Reply at 9. In their reply brief, Plaintiffs state that they are not seeking to hold Abba jointly and severally liable for all attorney fees and costs or for any fees solely attributable to MA. Id. Plaintiffs suggest that the Court apportion fees and costs among Defendants equally, resulting in attorneys' fee liability of $246,292.50 for each Defendant. Id. at 11-12. Alternatively, Plaintiffs suggest that the Court allocate liability fifty-fifty for common fees and costs and then add fees specific to each Defendant.[4] Id. at 12. This method would result in roughly the same result as the first method proposed, with Abba bearing slightly more liability than MA. Id.

This brings the Court to Abba's second objection: that Abba should not be held liable for undifferentiated fees, i.e. billing entries that do not specifically identify whether the work performed related to MA or Abba. The Court has reviewed the compound entries, which Abba sets forth in Exhibit 9 to the Itkowitz declaration, and finds that they relate to work applicable to both Abba and MA. For example, Abba targets the hours Plaintiffs' counsel expended meeting and corresponding with their clients, formulating an overall litigation strategy, preparing Mr. Short for his deposition, drafting and revising the Complaint, preparing an exhibit list, attending court

---

[4] Ms. Houk and Mr. Merjian have submitted reply declarations specifying the costs specifically attributable to each Defendant and the common costs attributable to both. ECF Nos. 122 ("Houk Reply Decl."), 123 ("Merjian Reply Decl.").

8

hearings, and drafting the pretrial order, among other things. Itkowitz Decl. Ex. 9.

Under Abba's view, fees that are equally applicable to both Defendants should not be reimbursed.  But according to Abba's own authority, "[w]here both defendants are liable on identical theories of liability and the dispute centers around the same facts, joint and several liability for attorneys' fees is reasonable and appropriate."  Goldberg v. Blue Ridge Farms, Inc., CV-04-5098 (CPS), 2005 WL 1796116, at *2 (E.D.N.Y. July 26, 2005).  Here, Plaintiffs merely seek to hold Abba liable for fifty percent of common fees.  Plaintiffs asserted the same claims against both Defendants based on many of the same facts, and it is reasonable that some of Plaintiffs' counsel's time was expended on tasks that were not specific to either Abba or MA.

In light of the fact that Plaintiffs brought the same claims against MA and Abba and that both MA and Abba were ordered to pay the same compensatory damages, the Court finds that the most equitable means of allocating liability for attorney fees is a fifty-fifty split.  Notably, this method results in less liability for Abba than the alternative (i.e., allocating liability fifty-fifty for common fees and then adding the fees specific to each defendant).

### B. Costs

Plaintiffs also seek $14,446.65 in costs, all of which were incurred by ECBA.  Houk Decl. ¶¶ 24-29.  Exhibit C to Ms. Houk's Declaration itemizes these costs, which include the filing fee, process service fees, witness fees, travel costs, and expenses

for computerized legal research, messenger service, deposition
and trial transcripts, and postage.  These types of costs are
compensable under the NYCHRL.  <u>See</u> N.Y. City Admin Code § 8-
502(f) ("[T]he court, in its discretion, may award the
prevailing party costs."); <u>cf.</u> <u>Kuzma v. I.R.S.</u>, 821 F.2d 930,
933-34 (2d Cir. 1987) ("Identifiable, out-of-pocket
disbursements for items such as photocopying, travel, and
telephone costs are generally taxable under [42 U.S.C.] § 1988 .
. . .").

     Abba's objections to Plaintiffs' costs are similar to its
objections to Plaintiffs' attorney fees.  Again Abba argues that
it should not be held liable for undifferentiated fees.  In
response, Ms. Houk filed a declaration asserting that ECBA
incurred costs related to both defendants in the amount of
$8,233.69 and costs related solely to Abba in the amount of
$3,175.64.  Houk Reply Decl. ¶ 16.  As discussed in Section
III.A <u>supra</u>, Abba cannot avoid liability for undifferentiated
costs that are attributable to both Defendants.  If the Court
were to tax Abba for the $3,175.64 in costs for which it is
solely responsible, as well as 50 percent of the common costs,
Abba would be liable for $7,292.48.  The Court finds that the
more equitable method would be to hold each defendant liable for
50 percent of Plaintiffs' total costs, or $7,223.33.

     C.    <u>**Abba's Rule 68 Settlement Offer**</u>

     Abba objects to Plaintiffs' fee and cost request on the
ground that Rule 68 precludes Plaintiffs from recovering
attorneys' fees and costs incurred after Abba made its Rule 68

Offer on June 11, 2012.  Opp'n at 5-7.  Rule 68 provides that a
defendant may serve on a plaintiff an offer to allow judgment on
specified terms at least fourteen days prior to trial.  Fed. R.
Civ. P. 68(a).  The Rule further states that if the plaintiff
fails to obtain a judgment more favorable that the unaccepted
offer, "the [plaintiff] must pay the costs [the defendant]
incurred after the offer was made."  Id. 68(d).  Rule 68 not
only entitles a defendant to costs in certain circumstances but
also cuts off a plaintiff's right to recover attorney's fees and
costs incurred after the date of the offer.  See Marek v.
Chesny, 473 U.S. 1, 9 (1985).  "[T]he defendant bears the burden
of showing that the Rule 68 offer was more favorable than the
judgment."  Reiter v. MTA NYC Transit Auth., 457 F.3d 224, 231
(2d Cir. 2006).

     Abba's Rule 68 Offer would have allowed Plaintiffs to enter
judgment against Abba in the amount of $50,000: $15,000 in
damages and $35,000 in attorneys' fees and costs.  Additionally,
Abba would have agreed to an injunction, the terms of which are
set forth in Section II supra.  Plaintiffs rejected Abba's Rule
68 Offer and recovered only $12,500 in compensatory damages from
Abba at trial.  Abba contends that the judgment entered by the
Court is less favorable than Abba's Rule 68 Offer.  Id.

     Plaintiffs take issue with Abba's characterization of the
Rule 68 Offer and the Judgment.  First, they argue that they
accrued attorneys' fees totaling more than double Abba's Rule 68
offer by the time that offer was made.  Reply at 5.  Abba
offered Plaintiffs $35,000 in attorney fees, and Plaintiffs'

attorneys have filed declarations showing that they incurred
over $87,000 in fees and $4,320 in costs attributable to Abba as
of June 11, 2012, the date of the offer.  Houk Reply Decl. ¶¶
11-12; Merjian Reply Decl. ¶ 3.  Second, Plaintiffs argue that
they ultimately obtained more favorable injunctive relief than
Abba offered.  Reply at 6-9.  Plaintiffs point out that Abba's
Rule 68 offer contained no timeframe, while the injunction
issued by the Court will remain in effect for a period of three
years.  Id. at 6.  Plaintiffs also argue that, unlike the
judgment and injunction issued by the Court, the injunction
offered by Abba contains no admission of wrongdoing, does not
require that the third party who conducts Abba's fair housing
training be approved by Plaintiffs, does not require that Abba
provide a copy of its non-discrimination policy to Plaintiffs,
and does not require that Abba post its non-discrimination
policy to its website, among other things.  Id. at 7-9.

     The Court agrees with Plaintiffs.  Considering only damages
and costs, Abba's Rule 68 Offer was less favorable than the
judgment Plaintiffs obtained at trial.  The Supreme Court has
held that where an underlying statute defines costs to include
attorneys' fees, such fees are to be included as costs for the
purposes of Rule 68.  Marek, 473 U.S. at 9.  Here, the NYCHRL
allows a prevailing plaintiff to recover "costs and reasonable
attorney's fees."  N.Y.C. Admin Code § 8-502.  Thus, the
pertinent inquiry is whether Abba's Rule 68 offer "exceeds the
sum of . . . [P]laintiff[s'] ultimate recovery plus the amount
of fees and costs accrued by . . . [P]laintiff[s as of the time

of the Offer." <u>Townsend v. Benjamin Enters., Inc.</u>, 679 F.3d 41, 58 (2d Cir. 2012).  The Court concludes that it does not.  Abba offered Plaintiffs $50,000 -- $15,000 in damages and $35,000 in attorney fees.  While Plaintiffs obtained a judgment of only $12,500, they had incurred attorney fees and costs of over $90,000 at the time the Rule 68 Offer was made.

Further, as Plaintiffs point out, the terms of the injunction issued by the Court are more favorable than those proposed by Abba.  "[I]n the Rule 68 context 'a favorable judgment and an injunction can be more valuable to a plaintiff than damages.'"  <u>Reiter</u>, 457 F.3d at 231 (quoting <u>Andretti v. Borla Performance Indus. Inc.</u>, 426 F.3d 824 (6th Cir.2005)).  It can be difficult to compare monetary and non-monetary relief.  <u>Id.</u> at 230.  Comparing the relative values of the injunction proposed by Abba and the one issued by the Court would be even more difficult.  However, the Court need not and does not engage in this analysis, since the equitable and monetary relief accorded by the judgment are more favorable than Abba's Rule 68 Offer.

For these reasons, the Court finds that Plaintiffs are entitled to attorneys' fees and costs incurred after Abba made its Rule 68 Offer.

**D.    <u>Adjustments for Limited Success</u>**

Upon a showing that a plaintiff's success was limited, the lodestar figure may be adjusted downward.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 431 (1983).  Abba argues that a downward adjustment is warranted here because the Court ruled against

Plaintiffs on their claims for disability discrimination under
the FHA and NYCHRL and only awarded Plaintiffs a fraction of the
damages they requested.

In <u>Hensley</u>, the Supreme Court held that "the extent of a
plaintiff's success is a crucial factor in determining the
amount of an award of attorney's fees . . . ."  461 U.S. at 441.
The court explained that a court may reduce the fees of a
prevailing plaintiff in a civil rights action if that plaintiff
fails to prevail on claims that were unrelated to the claims on
which he or she succeeded.  <u>Id.</u> at 434-35.  However, when a case
involves a "common core of facts" or "related legal theories,"
"much of counsel's time will be devoted generally to the
litigation as a whole, making it difficult to divide the hours
expended on a claim-by-claim basis."  <u>Id.</u> at 435.  In such
cases, the court "should focus on the significance of the
overall relief obtained by the plaintiff in relation to the
hours reasonably expended on the litigation."  <u>Id.</u>

The Supreme Court has also held that a plaintiff that wins
only nominal damages may only be entitled to a reduced fee, or
no fee at all.  <u>Farrar v. Hobby</u>, 506 U.S. 103, 115 (1992).  At
the same time, courts have expressly rejected a rule that would
link the prevailing plaintiff's fees to the degree of monetary
success achieved.  <u>See</u> <u>Baird v. Boies, Schiller & Flexner LLP</u>,
219 F. Supp. 2d 510, 519 (S.D.N.Y. 2002).  Further, a lack of
monetary success alone does not require a fee reduction.  <u>Id.</u> at
520.  As the Supreme Court explained in <u>City of Riverside v.
Rivera</u>, 477 U.S. 561, 574 (1986), "[r]egardless of the form of

14

relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards."  For example, a civil rights plaintiff may obtain important injunctive relief or establish the violation of an important civil right.  <u>Baird</u>, 219 F. Supp. 2d at 520.[5]

In this case, Plaintiffs' claims were related, and the facts underlying those claims were essentially identical. Indeed, Abba does not dispute that Plaintiffs satisfy the core "set of facts" prong of the <u>Hensley</u> test.  Opp'n at 12. However, Abba does argue that the results obtained by Plaintiffs cannot be classified as excellent, because Plaintiffs obtained little monetary relief in comparison to what they sought.  <u>Id.</u>

The Court finds that Plaintiffs' relative lack of success in obtaining monetary relief does not justify a reduction in attorneys' fees and costs due to the significance of the decision and the equitable relief obtained.  As Judge Wood noted, "the subject matter of this case is novel -- it is the first to allege housing discrimination against individuals with AIDS."  Sanctions Order at 12.  Further, at trial, MA and Abba's witnesses represented that they believed their discriminatory practices were acceptable and commonplace in the New York City housing market.  "Establishing otherwise was precisely the kind

---

[5] <u>See also</u> <u>Hyde v. Small</u>, 123 F.3d 583, 584 (7th Cir. 1997) (Posner, J.) (Where plaintiff obtains only nominal damages, attorneys fees are "likely to be zero . . . . unless the case established an important precedent, decreed declaratory or injunctive relief, or otherwise conferred substantial benefits not measured by the amount of damages awarded.").

of 'important social benefit' to which the Supreme Court referred in <u>Riverside</u>." <u>Heng Chan v. Sung Yue Tung Corp.</u>, 03 CIV. 6048 (GEL), 2007 WL 1373118, at *7 (S.D.N.Y. May 8, 2007). Additionally, since MA is one of the largest realtors in New York City, the three-year injunction issued by the Court may have a significant impact on the rental opportunities for HASA clients.

In light of the significance of Plaintiffs' case and the injunctive relief awarded, the Court declines to adjust Plaintiffs' lodestar downwards.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**V.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs Keith Short and Fair Housing Justice Center, Inc.'s motion and awards Plaintiffs attorneys' fees in the amount of $492,585 and costs in the amount of $14,446.65.  Housing Works is entitled to attorney fees in the amount of $258,562.50.  Emery, Celli, Brinkerhoff & Abady, LLP is entitled to $234,022.50 in attorneys' fees and 14,446.65 in costs.  Manhattan Apartments Inc. and Abba Realty Inc. shall each be responsible for fifty percent of Plaintiffs' attorney's fees and costs.  The Court also GRANTS Plaintiffs request to modify its application to include fees for time reasonably spent in preparing and defending this motion.  See Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999).

IT IS SO ORDERED.

Dated: June 7, 2013

_____
UNITED STATES DISTRICT JUDGE